# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AMANDA L. WALDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 3:10-cv-432-JPG-PMF |
| ) | |
| VILLAGE OF NEW ATHENS, an ) | |
| Illinois Municipal Corporation, ) | |
| VILLAGE OF NEW ATHENS ) | |
| POLICE DEPARTMENT, VILLAGE ) | |
| OF NEW ATHENS BOARD OF POLICE ) | |
| COMMISSIONERS, WILLIAM ) | |
| O. RAINEY, BRYAN RAUSCH, and ) | |
| DENNIS BREITHAUPT, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

THIS CAUSE came before the Court on plaintiff Amanda L. Walden's Rule 56(d)[1] Motion for Further Discovery (Doc. 40). The defendants have responded to the motion (Doc. 41).

Rule 56(d) gives the Court discretion to allow time to take discovery to enable the party opposing a motion for summary judgment to obtain facts essential to oppose the motion. Fed. R. Civ. P. 56(d)(2). "A party seeking the protection of Rule [56(d)] must make a good faith showing that it cannot respond to the movant's affidavits. The rule requires the filing of an affidavit stating the reasons for a claimant's inability to submit the necessary material to the court." *United States v. All Assets & Equip. of W. Side Bldg. Corp.*, 58 F.3d 1181, 1190 (7th Cir. 1995) (footnote and citation omitted).

Walden asks the Court to extend her time to respond to the defendants' pending summary judgment motion and allow her to take two depositions (Michelle Neff and William Rainey) about issues that were raised for the first time in that summary judgment motion. The defendants argue that discovery

---

[1] In the December 1, 2010, changes to the Federal Rules of Civil Procedure, the provisions contained in Rule 56(f) were redesignated as Rule 56(d).

has been closed for more than a month and that Walden has not offered any reason why she could not have conducted the discovery she seeks in a timely manner. They do not have a problem with an extension of time to respond to the motion but object to reopening discovery so Walden can take depositions.

The Court has reviewed the motion for summary judgment and the way it relies on Neff's and Rainey's affidavits. Neff is used to verify the ordinance governing Walden's pay; Walden wants to depose her about disparate discretionary acceleration of the pay provided by that ordinance. Rainey is used to establish, among other things, that officers were supposed to use a certain route to transport prisoners; Walden wants to depose him about that policy.

The Court believes the information Walden seeks from Rainey is not material to the disposition of the summary judgment motion. The defendants are not arguing Walden was fired because she did not follow the required route, and the information from Rainey is offered simply to explain a supposed reprimand alleged by Walden that makes her not similarly situated to other males. The relative insignificance of this issue in light of the other evidence cited by the defendants does not warrant reopening discovery, especially when Walden had an opportunity to depose Rainey, a defendant in this case, during discovery.

Neff's testimony appears to be more significant in that it relates to a policy allowing some discretion in deviating from the ordinance governing Walden's pay, although Walden had an opportunity to ask Neff about this discretion during her deposition but failed to do so. Nevertheless, because the testimony may be important to resisting summary judgment, the Court will allow Walden to depose Neff in a deposition not to exceed one hour.

For the foregoing reasons, the Court **GRANTS in part** and **DENIES in part** the motion (Doc. 40). The motion is **DENIED** as it applies to Rainey and **GRANTED** as it applies to Neff. The deposition of Neff shall not exceed one hour. The Court further **GRANTS** Walden an extension of time

to respond to the defendants' summary judgment motion and **ORDERS** that she shall have up to and including July 22, 2011, to file a response.

**SO ORDERED.**
**DATED: May 18, 2011**

s/J. Phil Gilbert
**United States District Judge**
